UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PHILLIP W. POND,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>DANIAL C. MOSTELLER, UNITED STATES MARSHALS, KEVIN THOMB, and PENNINGTON COUNTY SHERRIF,<br><br>　　　　　Respondents. | 5:21-CV-05016-KES<br><br>ORDER DISMISSING PETITION |

　　Petitioner, Phillip W. Pond, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Pond is currently confined in the Pennington County jail as a federal pretrial detainee. *Id.* at 1; *United States v. Phillip Pond*, No. 5:21-CR-50028-KES. Pond moves for leave to proceed in forma pauperis, for bail, for recusal, and to inspect discovery material. Dockets 3, 5, 6, 9.

**I.　Factual Background**

　　Pond is in custody and alleges four grounds to support his petition: (1) that the grand jury relied on hearsay statements to indict him; (2) that the arrest warrant was issued without probable cause; (3) that the prosecutors engaged in selective and vindictive prosecution; and (4) that his court appointed counsel refused to file certain motions. Docket 1 at 6-7.

## II. Legal Background

Section 2241(c)(3) states that a "writ of habeas corpus shall not extend to a prisoner unless . . . [he] is in custody in violation of the Constitution . . . ." Generally, a district court screens § 2254 petitions and dismisses the petition when it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. This court can extend the screening rule to petitions filed under § 2241 under Rule 1(b) of the Rules Governing Section 2254 Cases, which states that a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Thus, this court will screen Pond's petition.

## III. Legal Analysis

Pond is a federal pretrial detainee and his claims are entangled with issues present in his criminal proceeding. "A federal pre-trail detainee may not seek § 2241 relief if he or she has not sought direct review of his or her detention, or if the detainee still has the opportunity to raise those issues in the criminal proceedings." *Graham v. U.S. Marshal*, 2021 WL 1669065, at *2 (D. Minn. Apr. 2, 2021) (dismissing a § 2241 petition filed by a detainee presentence) (quoting *Graham v. U.S. Marshal*, 2020 WL 4060731, at *2 (D. Minn. June 29 (2020)). "[A]llowing courts to entertain habeas petitions from pre-trial detainees would be inefficient and raise the risk of" potentially simultaneous and conflicting decisions. *Id.*

At this time, Pond can raise these issues within his criminal proceeding and can later seek review from the Eighth Circuit Court of Appeals through an

appeal. If Pond is convicted, he can pursue a writ of habeas corpus petition under § 2255. If this court entertained Pond's § 2241 petition it would be an inefficient use of the court's time and could cause conflicting decisions. Thus, Pond's petition is dismissed. Pond's pending motions (Dockets 5, 6, 9) are denied as moot.[1]

Thus, it is ORDERED:

1. That Pond's petition (Docket 1) is dismissed without prejudice.

2. That Pond's remaining motions (Dockets 5, 6, 9) are denied as moot.

3. That Pond's motion for leave to proceed in forma pauperis (Docket 3) is granted. Pond needs to pay the $5 filing fee to the Clerk of Courts.

Dated May 10, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] "[T]he Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement" does not apply to a federal prisoner that files a petition under § 2241. *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010).